IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



03/10/2022

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PAUL J. FOLKMAN** | § | Case No. 20-40864 |
| xxx-xx-9912 | § | |
| **and HSUEH MEI FOLKMAN** | § | |
| xxx-xx-2198 | § | |
| 1013 Royal Oaks Dr., McKinney, TX 75070 | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| JEFFREY BLANCHARD  and | § | |
| JANINE BLANCHARD | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 20-4083 |
| | § | |
| PAUL J. FOLKMAN, | § | |
| HSUEH MEI FOLKMAN, | § | |
| FOLKMAN DEVELOPMENT CORP., | § | |
| BROOKDALE CORPORATION, | § | |
| NRT NEW ENGLAND, LLC d/b/a | § | |
| Coldwell Banker Residential Brokerage | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court for consideration is the "Motion to Dismiss" (the "Motion") filed

by the Defendant NRT New England LLC d/b/a Coldwell Banker Residential Brokerage

(the "Defendant" or "Coldwell") on July 28, 2021.  Defendant moves to dismiss Counts

Six (6) through Nineteen (19) of the Complaint in this matter pursuant to Fed. R. Civ. P.

8(a),[1] 9(b),[2] and 12(b)(6).[3]  In their "Complaint for Damages Against Defendants and Objections to Debtors' Discharge and Dischargeability" (the "Complaint"), Plaintiffs, Jeffrey Blanchard and Janine Blanchard (the "Plaintiffs"), allege a total of nineteen (19) different causes of action, including multiple counts against Coldwell under Massachusetts law.  On August 11, 2021, Plaintiffs filed an objection in opposition to the Motion.  Coldwell subsequently filed a reply, and Plaintiffs a surreply.  Upon due consideration of the pleadings and the relevant legal authorities, the Court agrees in part with Coldwell's Motion, and finds that  Plaintiffs should be required to amend their Complaint to provide a more definite statement of their claims.  For the reasons stated in this Memorandum of Decision and Order, Coldwell's Motion should be **GRANTED** in part and **DENIED** in part.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the authority to enter a final judgment in this adversary proceeding because it constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).  The Court notes, however, that Plaintiffs have made a jury demand and allege numerous state law claims against Coldwell.  Reference to this Court pursuant to the *Order of Reference of*

---

[1] As incorporated by Fed. R. Bankr. P. 7008.

[2] As incorporated by Fed. R. Bankr. P. 7009.

[3] As incorporated by Fed. R. Bankr. P. 7012.

*Bankruptcy Cases and Proceedings Nunc Pro Tunc*,  General Order 1984-08-06, of the

United States District Court for the Eastern District of Texas has not been withdrawn.

## II. Factual and Procedural Background[4]

The Complaint alleges that Debtors previously owned a single-family residence

located at 190 Winter St., Mansfield, MA 02048 (the "Property").[5]  This property was

listed for sale by Coldwell on behalf of Debtors.[6]  Plaintiffs offered to purchase and did in

fact purchase the Property from Debtors.[7]  After sale of the Property, Plaintiffs' allege

that they discovered damaged pipes, mold, and water stains which had to be remedied.[8]

Furthermore, Plaintiffs' allege that their son suffered a number of health problems as a

result of these conditions.[9]

On July 13, 2020, Debtors, Paul J Folkman and Hsueh Mei Folkman filed a

voluntary petition for Chapter 7 relief under Title 11 of the United States Code (the

"Bankruptcy Code") in Case 20-40864[10] (the "Main Case").[11]  Christopher Moser was

---

[4] Much of the background described herein is derived from the docket in the Main Case.  With regard to consideration of the Motion, the Plaintiffs' factual allegations will be accepted as pled and will be viewed in the light most favorable to the Plaintiffs (the non-moving party to the Defendant's Motion).

[5] Complaint, ¶ 33, ECF No. 1.

[6] Complaint, ¶ 35, ECF No. 1.

[7] Complaint, ¶¶ 36-48, ECF No. 1.

[8] Complaint, ¶¶ 52-58, ECF No. 1.

[9] Complaint, ¶¶ 51, 59, ECF No. 1.

[10] The Hon. Brenda T. Rhoades has presided and continues to preside over the Main Case.  This adversary proceeding is presided over by the Hon. Joshua P. Searcy.  It is this Court which now renders a

appointed as Chapter 7 Trustee and held a § 341 meeting of creditors on June 19, 2020.

Debtors have not yet been granted a discharge.

On August 31, 2020, Plaintiffs filed the Complaint in this case against Debtors,

Folkman Development Corporation, Brookdale Corporation, and Coldwell.[12]

Subsequently, Plaintiffs voluntarily dismissed claims against Brookdale Corporation with

prejudice.[13]  Plaintiffs requested entry of default against Coldwell, which the Court

denied.[14]

The Complaint lists nineteen (19) separate causes of action.  Counts One (1)

through Five (5) are not alleged against Coldwell and therefore are not addressed in this

memorandum.  Counts Six (6) through Nineteen (19) each allege a different cause of

action against both Debtors and Coldwell.  Only the counts regarding Coldwell are at

issue in the Motion.  Coldwell seeks dismissal of these counts based on: (1) a failure to

comply with the strictures of Fed. R. Civ. P. 9(b); (2) a failure to allege the existence of a

contract between Plaintiffs and Coldwell as a necessary element; or (3) a failure to allege

facts sufficient to support the existence of a necessary element or intent.  Plaintiffs filed

---

decision on the Motion.

[11] *See In re Folkman*, No. 20-40864 (Bankr. E.D. Tex. Mar. 17, 2021).

[12] Complaint, ECF No. 1.

[13] Notice of Voluntary Dismissal of Claims against Brookdale Corporation (With Prejudice),
ECF No. 18.

[14] Order Denying Request for Entry of Default by Court Against Defendant, NRT New England,
LLC d/b/a Coldwell Banker Residential Brokerage, ECF No. 22.

their "Objection to Coldwell's Motion to Dismiss" (the "Objection"), contending that

they allege "facts sufficient to establish Massachusetts state law claims against Coldwell

for violations of Massachusetts' tort and contract laws" in the Complaint.[15]

### III. Relief Requested

Defendant seeks an order granting dismissal of Counts Six (6) through Nineteen

(19) in the Complaint with respect to Coldwell only.

### IV. Analysis

*A.  Legal Standards*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be properly granted if a

claim "may be supported by showing any set of facts consistent with the allegations in the

complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  Alternatively, a

claim may not be dismissed based solely on a court's supposition that the pleader is

unlikely "to find evidentiary support for his allegations or prove his claim to the

satisfaction of the factfinder." *Id*. at n.8.  Although detailed factual allegations are not

required, a plaintiff must show they are entitled to relief using more than "labels and

conclusions." *Id*. at 545.  Furthermore, "a formulaic recitation of the elements of a cause

of action will not do." *Id*.  The complaint must be factually suggestive, so as to "raise a

right to relief above the speculative level," and into the "realm of plausible liability." *Id*.

at n.5.  When considering a Rule 12(b)(6) motion, a court must accept all of the plaintiff's

---

[15] Plaintiffs' Objection to Motion to Dismiss, ECF No. 28.

allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). Motions to

dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Priester v. Lowndes*

*County*, 354 F.3d 414, 418 (5th Cir. 2004); *Ollie v. Plano Independent School Dist*., 564

F.Supp.2d 658, 660 (E.D. Tex. 2008).

Rule 9(b) requires the circumstances constituting fraud to be plead with

"particularity." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Under the particularity requirement, the party asserting the fraud claim must allege "the

existence of acts and circumstances sufficient to warrant the pleaded conclusion that

fraud ha[s] occurred." *Haber Oil Co. Inc. v. Swinehart (Matter of Haber Oil Co., Inc.)*,

12 F.3d 426, 439 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th

Cir. 2005) ("the Rule 9(b) standards require specificity as to the statements (or omissions)

considered to be fraudulent, the speaker, when and why the statements were made, and an

explanation why they are fraudulent."). "What constitutes 'particularity' will necessarily

differ with the facts of each case." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th

Cir. 1993). "At a minimum, [Rule 9] requires that a plaintiff set forth the 'who, what,

when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter*

*Textron Inc.*, 417 F.3d 450, 453 (5th Cir.2005). Thus, the application of Rule 9(b) is

flexible and influenced by the circumstances of the case. "Though Rule 9(b) requires

parties asserting fraud claims to provide more specific allegations than that required of

other claims, the Rule does not require plaintiffs to assert every fact they will attempt to

**-6-**

prove at trial.  Rather, the Fed. R. Civ. P. 9(b) requirements "must be read in connection

with Fed. R. Civ. P. 8 which requires only a short and plain statement of the claim

showing that the pleader is entitled to relief." *TransFirst Holdings, Inc. v. Phillips,* No.

3:06-CV-2303-P, 2007 WL 1468553, at *2 (N. D. Tex. May 18, 2007).

Recently, the Hon. Eduardo Rodriguez considered "shotgun pleadings" in the

context of a motion similar to that at issue.  A "shotgun pleading" is one which fails "to

one degree or another, and in one way or another, to give the defendants adequate notice

of the claims against them and the grounds upon which each claim rests." *Chowdary v.*

*Ozcelebi (Ozcelebi)*, Nos. 20-70295, 21-7001, 2021 Bankr. LEXIS 3541, at *7 (Bankr.

S.D. Tex. 2021).  In *Chowdary,* the court identified four types of shotgun pleadings,

including: (1) a complaint containing multiple counts adopting the allegations of all

preceding counts, (2) a complaint full of conclusory, vague, and immaterial facts not

obviously connected to a particular cause of action, (3) a complaint failing to separate

into a different count each cause of action or claim for relief, and (4) a complaint which

includes multiple claims against multiple defendants without specifying who is

responsible for which acts or omissions.  *Chowdary*, 2021 Bankr. LEXIS 3541, at *6-7

(citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir.

2015).  The lack of clarity in such complaints unduly burdens defendants and courts by

obscuring through inadequate notice which claims are meritorious and which lack

sufficient basis.  To cure such a failure, a court may require submission of a more definite

statement pursuant to Fed. R. Civ. P. 12(e).  *Chowdary*, 2021 Bankr. LEXIS 3541, at *7.

A motion for a more definite statement under Fed. R. Civ. P. 12(e) should only be granted when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  The motion must state the defects in the pleading and the details desired.  A party, however, may not use a Rule 12(e) motion as a substitute for discovery.  *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959) ("[A] motion for a more definite statement is not to be used to assist in getting the facts in preparation for trial as such.");  *see also, Nebout v. City of Hitchcock*, 71 F.Supp.2d 702, 706 (S.D.Tex. 1999).  Moreover, given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored.  *Cousin v. Small*, No. Civ. A. 00-0069, 2000 WL 1100384, *1 (E.D.La. 2000).

### B.  The Complaint

The structure of the Complaint in this case illustrates why "shotgun pleadings" are disfavored.  The Complaint begins with an introductory statement giving a brief overview of the Plaintiffs' claims.[16]  This is followed by a listing of the parties and a description of the jurisdictional and venue prerequisites.[17]  Next, a single section under the heading "Factual Background," describes a chain of events beginning on September 1, 1983 and

---

[16] Complaint, 2-3, ECF No. 1.

[17] Complaint, ¶¶ 1-7, ECF No. 1.

concludes with references to various filings in the Debtors' Chapter 7 case.[18]  Following

this single factual recitation, Plaintiffs allege nineteen (19) causes of action.[19]  Each of

these counts begin with an incorporation sentence similar to the following: "Plaintiffs

repeat, reallege and re-aver Paragraphs 1 through 78 above as if fully set forth herein."[20]

There are no specific fact recitations or references included in any of these counts.  For

example, Count Eighteen (18) alleges in part that "Folkman and Coldwell misrepresented,

omitted, and otherwise misstated the facts and circumstances related to the physical

conditions and other terms of sale of the Property."[21]  There are no specific facts and

circumstances related to the physical conditions of the Property or other terms of sale

which are listed in Count Eighteen (18) as having been misstated.  These are ostensibly

included somewhere in the preceding "Factual Background" section.  Because of the

structure of the Complaint, the Court cannot discern which of the facts listed earlier

actually pertain to the particular allegations contained in Count Eighteen (18).  Thus,

because it is impossible to directly correlate any particular count to specific facts, the

Court finds that Plaintiffs should be required to provide a more definite statement under

Fed. R. Civ. P. 12(e).

More challenging is whether some or all of Counts Six (6) through Nineteen (19)

---

[18] Complaint, ¶¶ 8-78, ECF No. 1.

[19] Complaint, ¶¶ 79-136, ECF No. 1.

[20] *See e.g.,* Complaint, ¶ 79, ECF No. 1.

[21] Complaint, ¶ 127, ECF No. 1.

should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or failure to

comply with the heightened pleading standards of Fed. R. Civ. P. 9(b).  The Court will

address each count in turn.

### C.  Count Six - Fraud in the Inducement

Defendant first seeks dismissal of Count Six (6) for fraud in the inducement.  The

Complaint does not specify whether this claim is made pursuant to the law of Texas or

Massachusetts, but the Motion and Objection both accept the applicability of

Massachusetts law.  Under Massachusetts law, Plaintiff must establish the elements of

common law deceit to prove fraud in the inducement.  *Commerce Bank & Tr. Co. v.*

*Hayeck*, 709 N.E.2d 1122, 1126 (1999).  These elements include "misrepresentation of a

material fact, made to induce action, and reasonable reliance on the false statement to the

detriment of the person relying."  *Commerce Bank*, 709 N.E.2d at 1126 (citing *Hogan v.*

*Riemer*, 35 Mass.App.Ct. 360, 365, 619 N.E.2d 984 (1993)).  This Court must determine

whether the Complaint includes sufficient facts to create plausible liability of Coldwell

for this cause of action.

A claim of fraud in the inducement under Massachusetts law must satisfy the

higher pleading requirements of Fed. R. Civ. P. 9(b).  This means that Plaintiffs must set

forth the who, what, when, where, and how of Coldwell's alleged fraud in the

inducement.  Plaintiffs' Complaint as to Count Six (6) fails this test.  The who element of

Coldwell's alleged fraud in the inducement is entirely absent, as are specifics with respect

to what and how.

### D. Count Seven - Fraud

To establish fraud under Massachusetts law, a plaintiff must show: (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, which (5) the plaintiff relied upon, and (6) acted upon it to his or her detriment. *Balles v. Babcock Power Inc.*, 70 N.E.3d 905, 913 (2017). A claim of fraud under Massachusetts law must also satisfy the higher pleading requirements of Fed. R. Civ. P. 9(b). As with its fraud in the inducement cause of action against Coldwell, Plaintiffs' Complaint as to Count Seven (7) is insufficient. The who element of Coldwell's alleged fraud is again absent, as are specifics with respect to what and how.

### E. Count Eight - Deceit

Under Massachusetts law, deceit and fraud in the inducement have the same elements. *Commerce Bank & Tr. Co. v. Hayeck*, 46 Mass. App. Ct. 687, 692, 709 N.E.2d 1122, 1126 (1999). Therefore, Plaintiffs' Count Eight (8) cause of action for deceit is insufficiently pled for the same reasons as the fraud in the inducement cause of action.

### F. Count Nine - Breach of Contract

Massachusetts law requires a Plaintiff seeking judgment for breach of contract to show: (1) agreement between the parties (2) which was supported by consideration, (3) that plaintiff was ready, willing, and able to perform his or her part of the contract, that

-11-

(4) defendant breached the contract; and that (5) plaintiff suffered harm as a result.

*Bulwer v. Mount Auburn Hosp.*, 46 N.E.3d 24, 39 (2016).  Plaintiffs' Complaint contains

no allegation that a contract existed between themselves and Coldwell.  There are a

handful of references to contractual terms and conditions, express or implied-in-fact,[22] but

no recitation of factual allegations to support the plausible existence of a contract as

required.

Plaintiffs' argue in the Objection to the Motion that the Complaint's allegations

are "sufficient to support a cause of action for an implied-in-law contract..."[23]  It is true

that Massachusetts law recognizes causes of action for breach of a contract implied-in-

law and for breach of a contract implied-in-fact.  *Mass. Eye & Ear Infirmary v. QLT*

*Phototherapeutics, Inc.*, 412 F.3d 215, 229 (1st Cir. 2005).  To show breach of a contract

implied-in-fact, Plaintiffs are required to prove "the same elements as an express

contract," except the method of expressing mutual assent.  *Id.*  The Complaint fails to

provide factual allegations to support either the existence of a contract implied-in-fact or

an express contract.  Because the Complaint does not allege breach of a contract implied-

in-law, the Court need not analyze whether facts exist to support that cause of action.

*G.  Count Ten - Breach of the Implied Covenant of Good Faith and Fair Dealing*

Massachusetts contract law provides that "every contract implies good faith and

---

[22] Complaint, ¶¶ 106, 108, 109, 119, and 128, ECF No. 1.

[23] Complaint, 14, ECF No. 1.

**-12-**

fair dealing between the parties to it." *Kerrigan v. City of Boston*, 361 Mass. 24, 33

(1972).  In practice, this means that "neither party shall do anything that will have the

effect of destroying or injuring the right of the other party to receive the fruits of the

contract..." *Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. 451, 471 (1991)

(citing *Drucker v. Roland Wm. Jutras Assocs.*, 370 Mass. 383, 385 (1976)).  "The

essential inquiry is whether the challenged conduct conformed to the parties' reasonable

understanding of performance obligations, as reflected in the overall spirit of the bargain,

not whether the defendant abided by the letter of the contract in the course of

performance." *Speakman v. Allmerica Fin. Life Ins.*, 367 F. Supp. 2d 122, 132 (D. Mass.

2005).

> Under Massachusetts law, an implied covenant cannot exist if there is no contract.

*Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004)

(stating"covenant may not, however, be invoked to create rights and duties not otherwise

provided for in the existing contractual relationship...").  Existence of a contract in

Massachusetts is a question of fact.  *Silman v. Wells Fargo Bank, N.A.*, No.

WOCV201102469, 2014 WL 505231, at *7 (Mass. Super. Jan. 21, 2014).  As set forth

above, the Complaint fails to recite factual allegations to support the existence of either

an express contract or a contract implied-in-fact between Plaintiffs and Coldwell.

> *H.  Count Eleven - Breach of the Implied Warranty of Habitability*

> The Supreme Court of Massachusetts has adopted "an implied warranty of

habitability that attaches to the sale of new homes by builder-vendors in the
Commonwealth." *Albrecht v. Clifford*, 436 Mass. 706, 710–11 (2002). "To establish a
breach of the implied warranty of habitability, a plaintiff will have to demonstrate that:
(1) he purchased a new house from the defendant-builder-vendor; (2) the house contained
a latent defect; (3) the defect manifested itself only after its purchase; (4) the defect was
caused by the builder's improper design, material, or workmanship; and (5) the defect
created a substantial question of safety or made the house unfit for human habitation." *Id*.
at 711–12. The *Albrecht* court did not "decide whether a second or subsequent purchaser
may state a claim for breach of this implied warranty against the builder." *Id*. at n. 9. The
Supreme Court of Massachusetts has also stated that "implied in every residential lease is
a warranty that the leased premises are fit for human occupation and that they will remain
so throughout the tenancy." *Goreham v. Martins*, 485 Mass. 54, 59–60 (2020).

It is clear that Plaintiffs have failed to allege sufficient facts to support a cause of
action against Coldwell for breach an implied warranty of habitability. No facts,
plausible or not, are alleged which support a contention that Coldwell was a
defendant-builder-vendor of the Property whose improper design, material, or
workmanship caused a defect in the Property. Instead, the Complaint clearly alleges that
Mr. Folkman was the builder of the Property.[24] Furthermore, there are no facts alleged to
support an argument that Coldwell was somehow the lessor of the Property.

---

[24] Complaint, ¶¶ 10-17, ECF No. 1.

**-14-**

*I. Count Twelve - Intentional Infliction of Emotional Distress*

Massachusetts law includes a cause of action for intentional infliction of emotional distress.  However, according to the First Circuit Court of Appeals, "the standard for making a claim of intentional infliction of emotional distress is very high . . ." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996).  "To make out a claim of intentional infliction of emotional distress, the plaintiffs were required to show: (1) that [the defendant] intended, knew, or should have known that [its] conduct would cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct caused emotional distress; and (4) that the emotional distress was severe." *Polay v. McMahon*, 468 Mass. 379, 385 (2014).  "These requirements are 'aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved.'"  *Agis v. Howard Johnson Co.*, 371 Mass. 140, 145 (1976) (quoting *Womack v. Eldridge*, 210 S.E.2d 145, 148 (1974)).

The element of "extreme and outrageous" conduct is a particularly high bar, existing "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roman v. Trustees of Tufts Coll.*, 964 N.E.2d 331, 341 (2012).  This is more severe than cases where defendant "has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of

**-15-**

aggravation which would entitle the plaintiff to punitive damages for another tort."

*Tetrault v. Mahoney, Hawkes & Goldings*, 681 N.E.2d 1189, 1197 (1997) (citing *Foley v.*

*Polaroid Corp.*, 508 N.E.2d 72 (1987)).

The Complaint contains no factual recitations to plausibly evince this type of

extreme and outrageous behavior on the part of Coldwell.  Plaintiffs seem to admit this

shortcoming in their argument that Coldwell's conduct was "*per se* extreme and

outrageous."[25]  Massachusetts law does not appear to contemplate the idea of conduct that

is "*per se* extreme and outrageous."[26]  Thus, the Court finds more is required in the

Complaint to support this cause of action.

### J.  Count Thirteen - Unjust Enrichment

Unjust enrichment in Massachusetts requires Plaintiffs to "prove (1) a benefit

conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the

benefit by the defendant; and (3) the acceptance or retention of the benefit by the

defendant under circumstances which make such acceptance or retention inequitable."

*Stevens v. Thacker*, 550 F. Supp. 2d 161, 165 (D. Mass. 2008).  Thus, "in Massachusetts,

the elements of such a claim are "'unjust enrichment of one party and unjust detriment to

the other party.'"  *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*,

552 F.3d 47, 57 (1st Cir. 2009) (citing *Bushkin Assocs., Inc. v. Raytheon Co.*, 906 F.2d

---

[25] Objection, 11, ECF No. 29.

[26] *Id.*

11, 15 (1st Cir.1990)).  This is "an equitable remedy, which 'exist[s] to supplement those

available at law and not to contradict the judgments embodied in the statutes and the

common law." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82 (1st Cir. 2020) (quoting

*Thacker*, 550 F. Supp. 2d at 161-165).  A party with an adequate remedy at law cannot

claim unjust enrichment.  *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017).

Defendant argues that "Plaintiffs have an adequate remedy at law, as evidenced by

the litany of claims asserted in the Complaint," such that "Plaintiffs are precluded from

asserting a claim for unjust enrichment."[27]  Plaintiffs' Objection does not address the

question of whether or not an adequate remedy at law other than unjust enrichment exists.

Instead, the Objection seems to assume that an unjust enrichment cause of action should

be permitted to continue based upon factual recitations that Coldwell received more in

commission than it would have if it had complied with the terms of a Purchase and Sale

Agreement to which it was not expressly a party.[28]  This is not clear, however, because of

the shotgun nature of the Complaint.

### K.  Count Fourteen - Tortious Interference with Contract

To prevail in Massachusetts on a claim of tortious interference with a contract, a

plaintiff "must establish that (1) he had a contract with a third party; (2) the defendant

knowingly induced the third party to break that contract; (3) the defendant's interference,

---

[27] Motion, 11, ECF No. 28.

[28] Objection, 15, ECF No. 29.

in addition to being intentional, was improper in motive or means; and (4) the plaintiff

was harmed by the defendant's actions." *Psy-Ed Corp. v. Klein*, 947 N.E.2d 520, 536

(2011). Plaintiffs allege that sufficient facts have been pled to support such a cause of

action, including that "Coldwell actively participated in the negligent repair and

reconstruction of certain areas of the Property, represented to Plaintiffs that the repairs

and reconstruction were completed in a workmanlike manner, but which Plaintiffs

subsequently discovered to be wholly defective."[29] Even reading the Complaint in the

most favorable way to Plaintiffs, the referenced portions do not appear to relate to the

conduct or activity of Coldwell. Neither do they support the allegation that Coldwell

induced Debtors to improperly breach the sale contract between Debtors and Plaintiffs.

The Court did not find factual recitations within the Complaint which plausibly support a

theory for this cause of action.

### L. Count Fifteen - Negligence

To prevail on a negligence claim under Massachusetts law, Plaintiffs "must prove

that the defendant owed the plaintiff[s] a duty of reasonable care, that the defendant

breached this duty, that damage resulted, and that there was a causal relation between the

breach of the duty and the damage." *Jupin v. Kask*, 849 N.E.2d 829, 834–35 (2006).

Massachusetts law recognizes that "[a]s a general principle of tort law, every actor has a

duty to exercise reasonable care to avoid physical harm to others." *Id*. at 835. It is

---

[29] Objection, 16, ECF No. 29 (citing Complaint, ¶¶ 49-63, ECF No. 1).

**-18-**

unclear from the Complaint, however, whether Plaintiffs allege that Coldwell was an

actor who caused physical harm to Plaintiffs because of a breach of this duty.  The only

reference to a duty in the Complaint is that Coldwell "owed certain duties to Plaintiffs."[30]

Because of the structure of the Complaint, there are no facts clearly and specifically

attributable to this alleged cause of action.

    *M.  Count Sixteen - Negligent Misrepresentation*

    A claim for negligent misrepresentation under Massachusetts law requires

Plaintiffs to prove that Coldwell: "(1) in the course of [its] business, (2) supplied false

information for the guidance of others, (3) in their business transactions, (4) causing and

resulting in pecuniary loss to those others, (5) by their justifiable reliance on the

information, and that [it] (6) failed to exercise reasonable care or competence in obtaining

or communicating the information."  *Gossels v. Fleet Nat. Bank*, 902 N.E.2d 370, 377

(2009).  The Fifth Circuit has applied Fed. R. Civ. P. 9(b) to claims of negligent

misrepresentation where such claims are "based on the same set of alleged facts" as a

plaintiff's fraud allegations.  *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719,

723 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

This Court is bound by decisions of the Fifth Circuit.  This means that Plaintiffs must set

forth the who, what, when, where, and how of Coldwell's alleged negligent

misrepresentation.  Plaintiffs' Complaint as to Count Sixteen (16) fails this test.

---

[30] Complaint, ¶ 121, ECF No. 1.

*N.  Count Seventeen - Negligent Infliction of Emotional Distress*

Negligent Infliction of Emotional Distress in Massachusetts requires Plaintiffs to

prove the following: (1) negligence; (2) emotional distress; (3) causation; (4) physical

harm manifested by objective symptomatology; and (5) that a reasonable person would

have suffered emotional distress under the circumstances of the case.  *Payton v. Abbott*

*Labs,* 437 N.E.2d 171, 181 (1982).  This requires corroboration of "mental distress claims

with enough objective evidence of harm to convince a judge" of the genuineness of such

claims.  *Shea v. Cameron,* 93 N.E.3d 870, 878 (2018).

Because negligence is a required element of a cause of action for negligent

infliction of emotional distress, Plaintiffs must have sufficient facts in their Complaint to

support a plausible claim for negligence for their negligent infliction of emotional distress

cause of action to survive.  As set forth above, there are no facts in the Complaint clearly

and specifically attributable to negligence.

*O.  Count Eighteen - Civil Conspiracy*

Massachusetts law includes two separate but distinct causes of action for civil

conspiracy.  *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 34 (1st Cir.2009).  These are

"'true conspiracy' and conspiracy based on section 876 of the Restatement (Second) of

Torts."  *Id*.  A claim for true conspiracy requires that Plaintiffs "prove (1) a combination

of two or more persons to accomplish an unlawful purpose, or a purpose not unlawful by

unlawful means, (2) some peculiar power of coercion of the plaintiff[s] possessed by the

defendant[s] in combination which any individual standing in like relation to the plaintiff would not have had, and (3) damage." *Clermont v. Fallon Clinic, Inc.*, No. Civ.A. 2001-1512 B, 2003 WL 21321190, at *15 (Mass. Super. May 15, 2003). The First Circuit has explained the second type of civil conspiracy based on the restatement of torts:

> The second type of conspiracy, based on section 876 of the Restatement, is a form of vicarious liability for the tortious conduct of others. *See Mass. Laborers'*, 62 F.Supp.2d at 244; Restatement (Second) of Torts § 876 (1979). Because it is vicarious liability, this type of civil conspiracy requires an underlying tort. *Mass. Laborers'*, 62 F.Supp.2d at 244. The conspiracy consists in agreeing to, or assisting in, this underlying tort. Massachusetts courts have recognized two theories of liability under section 876: (1) "concert of action," and (2) "substantial assistance" or "aiding and abetting." *See Maruho Co., Ltd. v. Miles, Inc.*, 13 F.3d 6, 9 (1st Cir.1993); *Payton v. Abbott Labs*, 512 F.Supp. 1031, 1035 (D.Mass.1981).

*Taylor*, 576 F.3d at 34–35.

Plaintiffs argue that "Debtor and Coldwell acted in concert to misrepresent, omit and conceal materially defective conditions in and at the Property, with the intent to lull Plaintiffs into a false sense of security regarding the condition of the Property," such that "it is reasonable to infer that the Debtor's noncompliance with applicable building laws, codes, ordinances and regulations would have become readily apparent to Coldwell had it reasonably exercised its duty to protect buyers from latent defects."[31] Plaintiffs are required to use more than labels and conclusions in pleading civil conspiracy because a formulaic recitations of elements is insufficient. There are no facts in the Complaint

---

[31] Objection, 16, ECF No. 29 (citing Complaint, 2, ECF No. 1).

clearly and specifically attributable to civil conspiracy.  Reasonable inference is

insufficient.  Plaintiffs also fail to clearly state which type of civil conspiracy they allege

Coldwell committed under Massachusetts law.

P.  *Count Nineteen - Unfair and Deceptive Acts in Trade or Commerce*

Chapter 93A of the Massachusetts statutes is theoretically similar to the Texas

Deceptive Trade Practices Act.  *See* Mass. Gen. Laws Ann. ch. 93A, § 1, et. seq.; *see also*

Tex. Bus. & Com. Code Ann. § 17.41, et. seq.  "Section 9 of G.L.c. 93A provides a

private cause of action for individual consumers who suffer an injury as a result of unfair

or deceptive acts or practices." *Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d

165, 168 (2009), *aff'd*, 460 Mass. 500, 952 N.E.2d 908 (2011).  Successfully alleging a

Chapter 93A claim "requires, at a minimum, a showing of: (1) a deceptive act or practice

on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal

connection between the seller's deceptive act or practice and the consumer's injury." *Id*.

Coldwell argues that Plaintiffs have not: (1) alleged a deceptive act or practice committed

by Coldwell, (2) alleged facts showing a causal connection to Plaintiffs' claimed

damages, nor (3) alleged a practice or act that falls within one of the recognized

categories of unfairness under Chapter 93A.[32]  Plaintiffs, however, maintain that

Coldwell's conduct included "the making of express and implied oral and written

representations, negligently, recklessly, or with knowledge of their falsity and failing to

---

[32] Motion, 15, ECF No. 28.

disclose latent defects to Plaintiffs, on which Plaintiffs reasonably relied to their

detriment, constitutes unfair and deceptive behavior."[33]  The Court finds little in the

Complaint or the Objection describing specific acts by Coldwell.  Because of the shotgun

nature of the Complaint, it is challenging to discern what, if any, facts in the "Factual

Allegations" section actually pertain to this particular cause of action under Chapter 93A.

### Q.  Opportunity for Amendment and More Definite Statement

Based upon the nature of the Complaint, the Court must either dismiss the claims

against Coldwell for the aforementioned reasons, or permit Plaintiffs an opportunity to

amend their Complaint and provide a more definite statement as contemplated by Fed. R.

Civ. P. 12(e).  *See Chowdary v. Ozcelebi (Ozcelebi)*, Nos. 20-70295, 21-7001, 2021

Bankr. LEXIS 3541, at *7 (Bankr. S.D. Tex. 2021).

Some cases warrant granting an opportunity to amend, while others do not.  The

Fifth Circuit has historically favored deciding "cases on the merits rather than on the

sufficiency of pleadings..."  Furthermore, "district courts often afford plaintiffs at least

one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear

that the defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal."  *Great Plains Tr. Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In *Great Plains*, the Fifth

Circuit "carefully studied the record" to determine whether the plaintiff sought leave to

---

[33] Objection, 17, ECF No. 29.

amend in the district court, finding that they did not make such a request. *Id*. In this case,

the Court is neither aware of a request by Plaintiffs for leave to amend, nor have Plaintiffs

made it clear they are unwilling to amend to avoid dismissal. For this reason, with respect

to some of Plaintiffs' causes of action, the Court will grant Plaintiffs an opportunity to

amend while simultaneously instructing Plaintiffs to amend in order to provide a more

definite statement under Fed. R. Civ. P. 12(e) and *Chowdary*. With respect to some of

Plaintiffs' causes of action, however, dismissal is more appropriate for the reasons set

forth above. Accordingly, the Court finds that just cause exists for the entry of the

following order.

### V. Conclusion

**IT IS THEREFORE ORDERED** that the "Motion to Dismiss" filed in this

adversary proceeding on July 28, 2021 by the Defendant, NRT New England LLC d/b/a

Coldwell Banker Residential Brokerage, is hereby **GRANTED** in part so as to dismiss

some of Plaintiffs' Counts against Coldwell, but is **DENIED** as to dismissal of other of

Plaintiffs' Counts against Coldwell to allow Plaintiffs an opportunity to amend their

Complaint to contain a more definite statement of certain causes of action in accordance

with this memorandum pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Six (6) of Plaintiffs' Complaint

alleging Fraud in the Inducement against Coldwell, the Motion is **DENIED**, subject to the

directive below that Plaintiffs' amend their Complaint to provide a more definite

statement of Count Six (6) pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Seven (7) of Plaintiffs' Complaint alleging Fraud against Coldwell, the Motion is **DENIED**, subject to the directive below that Plaintiffs' amend their Complaint to provide a more definite statement of Count Seven (7) pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Eight (8) of Plaintiffs' Complaint alleging Deceit against Coldwell, the Motion is **DENIED**, subject to the directive below that Plaintiffs' amend their Complaint to provide a more definite statement of Count Eight (8) pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Nine (9) of Plaintiffs' Complaint alleging Breach of Contract against Coldwell, the Motion is **GRANTED** and Count Nine (9) of Plaintiffs' Complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Ten (10) of Plaintiffs' Complaint alleging Breach of the Implied Covenant of Good Faith and Fair Dealing against Coldwell, the Motion is **GRANTED** and Count Ten (10) of Plaintiffs' Complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Eleven (11) of Plaintiffs' Complaint alleging Breach of the Implied Warranty of Habitability against Coldwell, the Motion is **GRANTED** and Count Eleven (11) of Plaintiffs' Complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Twelve (12) of Plaintiffs'
Complaint alleging Intentional Infliction of Emotional Distress against Coldwell, the
Motion is **GRANTED** and Count Twelve (12) of Plaintiffs' Complaint is **DISMISSED**
pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Thirteen (13) of Plaintiffs'
Complaint alleging Unjust Enrichment against Coldwell, the Motion is **DENIED**, subject
to the directive below that Plaintiffs' amend their Complaint to provide a more definite
statement of Count Thirteen (13) pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Fourteen (14) of Plaintiffs'
Complaint alleging Tortious Interference with a Contract against Coldwell, the Motion is
**GRANTED** and Count Fourteen (14) of Plaintiffs' Complaint is **DISMISSED** pursuant
to Fed. R. Civ. P. 12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Fifteen (15) of Plaintiffs'
Complaint alleging Negligence against Coldwell, the Motion is **DENIED**, subject to the
directive below that Plaintiffs' amend their Complaint to provide a more definite
statement of Count Fifteen (15) pursuant to Fed. R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that as to Count Sixteen (16) of Plaintiffs'
Complaint alleging Negligent Misrepresentation against Coldwell, the Motion is
**GRANTED** and Count Sixteen (16) of Plaintiffs' Complaint is **DISMISSED** pursuant to
Fed. R. Civ. P. 12(b)(6), 9(b), and 8(a).

**IT IS FURTHER ORDERED** that as to Count Seventeen (17) of Plaintiffs'
Complaint alleging Negligent Infliction of Emotional Distress against Coldwell, the
Motion is **DENIED**, subject to the directive below that Plaintiffs' amend their Complaint
to provide a more definite statement of Count Seventeen (17) pursuant to Fed. R. Civ. P.
12(e).

**IT IS FURTHER ORDERED** that as to Count Eighteen (18) of Plaintiffs'
Complaint alleging Civil Conspiracy against Coldwell, the Motion is **GRANTED** and
Count Eighteen (18) of Plaintiffs' Complaint is **DISMISSED** pursuant to Fed. R. Civ. P.
12(b)(6) and 8(a).

**IT IS FURTHER ORDERED** that as to Count Nineteen (19) of Plaintiffs'
Complaint alleging Unfair and Deceptive Acts in Trade or Commerce against Coldwell,
the Motion is **DENIED**, subject to the directive below that Plaintiffs' amend their
Complaint to provide a more definite statement of Count Nineteen (19) pursuant to Fed.
R. Civ. P. 12(e).

**IT IS FURTHER ORDERED** that the Plaintiffs, Jeffrey Blanchard and Janine
Blanchard, shall have until **twenty-one (21) days after entry of this order** to file an
amended Complaint providing a more definite statement pursuant to Fed. R. Civ. P. 12(e)
in a manner consistent with this decision.  If Plaintiffs either fail to file a timely
amendment, or fail to provide a more definite statement of Counts Six (6), Seven (7),
Eight (8), Thirteen (13), Fifteen (15), Seventeen (17), and Nineteen (19) pursuant to Fed.

R. Civ. P. 12(e), these counts as they pertain to Coldwell in this adversary proceeding will

be dismissed.

Signed on 03/10/2022

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

**-28-**