IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EOD
08/16/2022

| | | |
|---|---|---|
| IN RE: § § | | |
| **PAUL J. FOLKMAN** § **and HSUEH MEI FOLKMAN** § § § | Case No. 20-40864 | |
| Debtors § | Chapter 7 | |

| | | |
|---|---|---|
| JEFFREY BLANCHARD and § JANINE BLANCHARD § § Plaintiffs § § v. § § PAUL J. FOLKMAN, § HSUEH MEI FOLKMAN, § FOLKMAN DEVELOPMENT CORP., § BROOKDALE CORPORATION, § NRT NEW ENGLAND, LLC d/b/a § Coldwell Banker Residential Brokerage § § Defendants § | Adversary No. 20-4083 | |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S AMENDED MOTION TO DISMISS

ON THIS DATE the Court considered the "Amended Motion to Dismiss" (the "Amended Motion") filed by the Defendant, NRT New England LLC d/b/a Coldwell Banker Residential Brokerage (the "Defendant" or "Coldwell") on April 18, 2022. Defendant seeks dismissal of claims made by the Plaintiffs, Jeffrey Blanchard and Janine Blanchard (the "Plaintiffs"), in their "Amended Complaint Objecting to Debtor's Discharge and Dischargeability of Plaintiffs' Claims Pursuant to Sections 523 and 727 of

the United States Bankruptcy Code" (the "Amended Complaint") filed on March 31, 2022. Defendant seeks dismissal based upon Plaintiffs' alleged failure to either state an appropriate claim for fraud under Fed. R. Civ. P. 9(b), or to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[1]

Upon due consideration of the pleadings and the relevant legal authorities, the Court agrees in part with Coldwell's Amended Motion, and finds that Plaintiffs' claims for fraud, unjust enrichment, negligence, and negligent infliction of emotional distress should be dismissed. The Court finds that Plaintiffs' remaining claims against Coldwell for fraud in the inducement, negligent misrepresentation, and unfair and deceptive acts in trade or commerce under Chapter 93A meet the requirements outlined under Fed. R. Civ. P. 9(b) and/or 12(b)(6). Thus, for the reasons stated in this Memorandum of Decision and Order, Coldwell's Amended Motion is **GRANTED** in part and **DENIED** in part.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the authority to enter a final judgment in this adversary proceeding because it constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J). The Court notes, however, that Plaintiffs have made a jury demand, but that reference to this Court pursuant to the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, General Order 1984-08-06, of the United States District Court for the Eastern District of

---

[1] Fed. R. Civ. P. 12 is incorporated into bankruptcy proceedings under Fed. R. Bankr. P. 7012.

Texas has not been withdrawn.

## II. Factual and Procedural Background[2]

Plaintiffs allege that the Debtors, Paul J. Folkman and Hsueh Mei Folkman (the "Debtors"), previously owned a single-family residence located at 190 Winter St., Mansfield, MA 02048 (the "Property").[3] Coldwell listed the Property for sale on behalf of Debtors.[4] Plaintiffs offered to and did purchase the Property from Debtors.[5] After the sale of the Property, Plaintiffs' allege that they discovered damaged pipes, mold, and water stains which had to be remedied at their expense.[6] Furthermore, Plaintiffs' allege that their minor son suffered a number of health problems as a result of these conditions.[7]

On July 13, 2020, Debtors filed a voluntary petition for Chapter 7 relief under Title 11 of the United States Code (the "Bankruptcy Code") in Case 20-40864 (the "Main Case").[8] Debtors have not yet been granted a discharge.

---

[2] Much of the background described herein is derived from the docket in the Main Case. With regard to consideration of the Amended Motion, the Plaintiffs' factual allegations will be accepted as pled and will be viewed in the light most favorable to the Plaintiffs (the non-moving party to Defendant's Amended Motion).

[3] Am. Compl., 2, ECF No. 37.

[4] Am. Compl., 9, ¶ 33 , ECF No. 37.

[5] Am. Compl., 11 ¶ 47 , ECF No. 37.

[6] Am. Compl., 14-15 ¶¶ 72-76, ECF No. 37.

[7] Am. Compl., 14 ¶ 71, ECF No. 37.

[8] *See In re Folkman*, No. 20-40864 (Bankr. E.D. Tex. Mar. 17, 2021). The Hon. Brenda T. Rhoades has presided and continues to preside over the Main Case. The Hon. Joshua P. Searcy presides over this adversary proceeding. It is this Court which now renders a decision on the Amended Motion.

On August 31, 2020, Plaintiffs filed the "Complaint for Damages Against Defendants and Objections to Debtors' Discharge and Dischargeability of Plaintiffs' Claims Pursuant to Sections 523 and 727 of the United States Bankruptcy Code" (the "Original Complaint") against Debtors, Folkman Development Corporation, Brookdale Corporation, and Coldwell.[9] Subsequently, Plaintiffs voluntarily dismissed claims against Brookdale Corporation with prejudice.[10] Plaintiffs requested an entry of default against Coldwell, which the Court denied.[11] Coldwell filed a "Motion to Dismiss" (the "Original Motion") the Original Complaint on July 28, 2021. After several replies and objections, the Court entered a "Memorandum of Decision and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss" (the "Order"), noting several pleading deficiencies in the Original Complaint. The Court dismissed several claims against Defendant, but granted Plaintiffs an opportunity to amend the Original Complaint to cure the deficiencies in the remaining claims.

After Plaintiffs filed their Amended Complaint on March 31, 2022 and Defendant filed its Amended Motion on April 18, 2022, Plaintiffs responded with an "Objection to Coldwell's Motion to Dismiss Amended Complaint" (the "Objection") on April 28, 2022.

---

[9] Original Compl., ECF No. 1.

[10] Notice of Voluntary Dismissal of Claims against Brookdale Corporation (With Prejudice), ECF No. 18.

[11] Order Denying Request for Entry of Default by Court Against Defendant, NRT New England, LLC d/b/a Coldwell Banker Residential Brokerage, ECF No. 22.

Coldwell filed a "Reply Brief in Support of Its Motion to Dismiss Amended Complaint" (the "Reply Brief") on May 5, 2022.  Plaintiffs responded with a "Surreply to Coldwell's Reply Brief in Support of its Motion to Dismiss Amended Complaint" (the "Surreply") on May 16, 2022.

The Amended Complaint includes seventeen (17) causes of action against either the Debtors and/or Coldwell.  Coldwell seeks dismissal of Amended Count Seven (7), Amended Count Eight (8), Amended Count Thirteen (13), Amended Count Fourteen (14), Amended Count Fifteen (15), Amended Count Sixteen (16), and Amended Count Seventeen (17) based on either: (1) a failure to comply with the heightened standard for pleading fraud under Fed. R. Civ. P. 9(b); or (2) a failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[12]

### III. Analysis

*A. Legal Standards*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be properly granted if a claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  Although detailed factual allegations are not required, a plaintiff must show they are entitled to relief using more than "labels and conclusions." *Id*. at 545.  Furthermore, "a formulaic recitation of the elements of a cause of action will not do." *Id*.  The complaint must be

---

[12] Any claims dismissed in this Memorandum of Decision and Order which Plaintiffs brought against both the Debtors and Coldwell are only dismissed with regard to Coldwell.

factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at n.5. When considering a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).

Fed. R. Civ. P. 9(b) requires the circumstances constituting fraud to be plead with "particularity." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Under the particularity requirement, the party asserting the fraud claim must allege "the existence of acts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *Haber Oil Co. Inc. v. Swinehart (Matter of Haber Oil Co., Inc.)*, 12 F.3d 426, 439 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent."). "What constitutes 'particularity' will necessarily differ with the facts of each case." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). "At a minimum, [Rule 9] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir.2005). Thus, application of Rule 9(b) is flexible and is influenced by the circumstances of the case.

B. *Amended Count Seven: Fraud in the Inducement*

Defendant first seeks dismissal of Amended Count Seven (7) for fraud in the

inducement. Under Massachusetts law, a plaintiff must establish the elements of common law deceit to prove fraud in the inducement. *Commerce Bank & Tr. Co. v. Hayeck*, 709 N.E.2d 1122, 1126 (1999). These elements include "misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statement to the detriment of the person relying." *Commerce Bank*, 709 N.E.2d at 1126 (citing *Hogan v. Riemer*, 35 Mass.App.Ct. 360, 365 (1993)).

A claim of fraud in the inducement under Massachusetts law must satisfy the higher pleading requirements of Fed. R. Civ. P. 9(b), such that Plaintiffs must set forth the who, what, when, where, and how of Coldwell's alleged fraud in the inducement. Plaintiffs met these requirements in the Amended Complaint. Thus, Coldwell's motion to dismiss the fraud in the inducement claim is denied.

*C. Amended Count Seven: Fraud*

To establish fraud under Massachusetts law, a plaintiff must show: (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, which (5) the plaintiff relied upon, and (6) acted upon it to his or her detriment. *Balles v. Babcock Power Inc.*, 70 N.E.3d 905, 913 (2017). A claim of fraud under Massachusetts law must also satisfy the higher pleading requirements of Fed. R. Civ. P. 9(b). Unlike fraud in the inducement, however, Plaintiffs must show that Coldwell *knew* its alleged representations were false. Plaintiffs have not alleged any facts which show Coldwell or its representative knew any of the

representations made during the sale of the Property were false. Based on the facts Plaintiffs presented in the Amended Complaint, the Court cannot find that Plaintiffs satisfy the requirements of Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6). Thus, Plaintiffs' claim for common law fraud as it pertains to Coldwell shall be dismissed.

*D. Amended Count Thirteen: Unjust Enrichment*

Unjust enrichment in Massachusetts requires a plaintiff to "prove (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention of the benefit by the defendant under circumstances which make such acceptance or retention inequitable." *Stevens v. Thacker*, 550 F.Supp.2d 161, 165 (D. Mass. 2008). It is "an equitable remedy, which exist[s] to supplement those available at law and not to contradict the judgments embodied in the statutes and the common law." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82 (1st Cir. 2020) (quoting *Thacker*, 550 F.Supp.2d at 161-165). Consequently, "a party with an adequate remedy at law cannot claim unjust enrichment." *Tomasella*, 962 F.3d at 82 (quoting *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017). "It is the availability of a remedy at law, not the viability of that remedy that prohibits a claim for unjust enrichment." *Shaulis*, 865 F.3d at 16 (citing *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012).[13] Plaintiffs have multiple adequate remedies at law against

---

[13] "Plaintiff's negligence and [C]hapter 93A claims...preclude a claim for unjust enrichment. The disposition of those claims is irrelevant." *Fernandes v. Havkin*, 731 F.Supp.2d 103, 114 (D. Mass. 2010).

Coldwell. Thus, Plaintiffs' claim for unjust enrichment as it pertains to Coldwell shall be dismissed.

*E. Amended Count Fourteen: Negligence*

To prevail on a negligence claim under Massachusetts law, a plaintiff "must prove that the defendant owed the plaintiff[s] a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." *Jupin v. Kask*, 849 N.E.2d 829, 834–35 (2006). Massachusetts law recognizes that "[a]s a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others." *Id*. at 835. In both the Original Complaint and Amended Complaint, Plaintiffs referred to vague or "various duties" owed to them by Coldwell, but failed to present any facts which indicate that Coldwell either owed them a legal duty or that they breached any such duty to Plaintiffs.[14] Plaintiffs further failed to present any facts which "raise a right to relief above a speculative level" for negligence under Massachusetts law. *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007). Thus, Plaintiffs' negligence claim as it pertains to Coldwell shall be dismissed.

*F. Amended Count Fifteen: Negligent Misrepresentation*

To establish negligent misrepresentation under Massachusetts law, a plaintiff must show that the defendant: (1) in the course of his business (2) supplied false information

---

[14] At most, Coldwell owed a duty of reasonable care to Plaintiffs. Plaintiffs did not present any facts which exhibit a breach of a duty of reasonable care.

for guidance of others (3) in their business transactions (4) causing and resulting in pecuniary loss to others (5) by their justifiable reliance on information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating information. *Braunstein v. McCabe*, 571 F.3d 108, 126 (1st Cir. 2009). In Massachusetts, "[w]hile a broker may ordinarily rely on information provided by the seller in making representations about a property, a broker is not insulated from all liability" based solely on that reliance. *DeWolfe v. Hingham Ctr., Ltd.*, 464 Mass. 795, 800 (Mass. 2013) (citing *Hoffman v. Connall*, 108 Wash.2d 69, 77 (1987)). The Court finds that Plaintiffs have met the requirements under Fed. R. Civ. P. 12(b)(6) as it pertains to their claim for common law negligent misrepresentation against Coldwell. Thus, Coldwell's motion to dismiss this claim shall be denied.

*G. Amended Count Sixteen: Negligent Infliction of Emotional Distress*

To establish negligent infliction of emotional distress under Massachusetts law, a plaintiff must prove the following elements: (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomology; and (5) that the reasonable person would have suffered emotional distress under the circumstances. *See McGrath v. Town of Sandwich*, 22 F.Supp.3d 58, 70 (D. Mass. 2014); *see also Shea v. Cameron*, 92 Mass.App.Ct. 731, 739 (2018). While Plaintiffs allege that their son experienced physical symptoms from defects on the Property, they did not present any evidence or facts that either their son or anyone else suffered physical manifestations

from their emotional distress. Moreover, Plaintiffs did not present evidence or facts which indicate that Coldwell owed them a duty of care. *See Conley v. Romeri*, 60 Mass.App.Ct. 799, 801 (2004). If there is no duty of care between parties, there cannot be negligence. *Id*. If negligence is not present, there cannot be negligent infliction of emotional distress. *Id*. Thus, Plaintiffs have failed to state a claim for negligent infliction of emotional distress as it pertains to Coldwell.

*H. Amended Count Seventeen: Unfair and Deceptive Acts in Trade or Commerce*

Under M.G.L.c. 93A § 9, an act or practice is "deceptive if it possesses a tendency to deceive and if it could reasonably be foreseen to have caused a person to act differently from the way he or she would otherwise have acted." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82 (1st Cir. 2020). An "act or practice is unfair if it falls within at least the penumbra of some common law, statutory, or established concept unfairness..." *Id*. In order to prove unfair or deceptive acts or practices, a plaintiff must show: (1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) causal connection between the seller's deceptive act or practice and the consumer's injury. *Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 169 (Mass.App.Ct. 2009). Causation can be established if deception could reasonably be found to have caused a person to act differently from the way he otherwise would have acted. *Id*. Liability under Chapter 93A is determined on a case-by-case basis. The Court finds that Plaintiffs have met the requirements under Fed. R. Civ. P. 12(b)(6) as it pertains to their

claim for unfair and deceptive acts in trade or commerce under M.G.L.c. 93A, § 9 against Coldwell.

**IT IS THEREFORE ORDERED** that Coldwell's "Amended Motion to Dismiss" is **GRANTED** so as to **DISMISS** Plaintiffs' claims against Coldwell for fraud (Amended Count Seven), unjust enrichment (Amended Count Thirteen), negligence (Amended Count Fourteen), and negligent infliction of emotional distress (Amended Count Sixteen).

**IT IS FURTHER ORDERED** that Coldwell's "Amended Motion to Dismiss" is **DENIED** as to Plaintiffs' claims against Coldwell for fraud in the inducement (Amended Count Seven), negligent misrepresentation (Amended Count Fifteen), and unfair and deceptive acts in trade or commerce under M.G.L.c. 93A, § 9 (Amended Count Seventeen).

**IT IS FURTHER ORDERED** that Coldwell shall proceed to answer the allegations remaining against it in the Amended Complaint within **fourteen (14) days** after the entry of this order pursuant to Fed. R. Bankr. P. 7012(a).

Signed on 08/16/2022

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE