

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PAUL J. FOLKMAN** | § | Case No. 20-40864 |
| **and HSUEH MEI FOLKMAN** | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| JEFFREY BLANCHARD and | § | |
| JANINE BLANCHARD | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 20-4083 |
| | § | |
| PAUL J. FOLKMAN, | § | |
| HSUEH MEI FOLKMAN, | § | |
| FOLKMAN DEVELOPMENT CORP., | § | |
| BROOKDALE CORPORATION, | § | |
| NRT NEW ENGLAND, LLC d/b/a | § | |
| Coldwell Banker Residential Brokerage | § | |
| | § | |
| Defendants | § | |

## ORDER REGARDING COLDWELL'S MOTION TO RECONSIDER

Before the Court for consideration is Defendant, NRT New England, LLC d/b/a Coldwell Banker Residential Brokerage's (the "Defendant" or "Coldwell"), "Motion to Reconsider in Part the Court's August 16 Memorandum of Decision and Order" (the "Motion") filed on August 30, 2022. Coldwell seeks reconsideration of the Court's "Memorandum of Decision and Order Granting in Part and Denying in Part Defendant's Amended Motion to Dismiss" (the "Order"). Plaintiffs, Jeffrey and Janine Blanchard (the

-1-

"Plaintiffs"), filed "Plaintiffs' Objection to Coldwell's Motion to Reconsider in Part the Court's August 16 Memorandum of Decision and Order" (the "Objection") on September 13, 2022. Coldwell filed a "Reply Brief in Support of its Motion to Reconsider" (the "Reply Brief") on September 15, 2022.

Coldwell seeks reconsideration of the Court's partial denial of its "Motion to Dismiss Amended Complaint," including Plaintiffs' claims for fraud in the inducement, negligent misrepresentation, and unfair and deceptive acts in trade or commerce under M.G.L. c. 93A.[1]  Plaintiffs apparently argue that Coldwell does not meet the standard under Fed. R. Civ. P. 60(b) for reconsideration of a court order or judgment.[2]  *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).  A decision to deny a motion to dismiss, however, is an interlocutory order to which the standard for reconsideration under Fed. R. Civ. P. 54(b) applies.[3]  *See Ryan v. Phillips 66*, 838 Fed. App'x. 832, 836 (5th Cir. 2020) (finding district court's dismissal order to be interlocutory and Fed. R. Civ. P. 54(b) governs review of interlocutory orders); *see also Mclendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) ("Whereas Rule 59(e)

---

[1] The Court shall also refer to M.G.L. c. 93A as Chapter 93A.

[2] *See* Obj., 2, ECF No. 47 ("Consequently, having failed to identify newly discovered evidence or information, a development of relevant case law, or a particular and demonstrable error in the original ruling or decision, the *Motion to Reconsider* must be denied.").

[3] "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *See* Fed. R. Civ. P. 54(b).

applies only to final judgments...Rule 54(b) applies to interlocutory judgments..."). Under Rule 54(b), if the decision under reconsideration is not a final judgment, a trial court is free "to reconsider and reverse its decision for any reason it deems sufficient," even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Mclendon*, 892 F.3d at 781. Because Coldwell seeks reconsideration of an interlocutory order, the Court shall consider the Motion under Fed. R. Civ. P. 54. Having considered the Motion and relevant pleadings, and for the reasons set forth below, the Court shall dismiss Plaintiffs' claim for fraud in the inducement as it pertains to Coldwell. The rest of the Court's Order will remain in effect.

*A. Fraud in the Inducement*

To survive a motion to dismiss, a plaintiff pleading fraud in the inducement under Massachusetts law must "allege facts plausibly suggesting that the defendants knowingly made a false statement of material fact, that they did so for the purpose of inducing the claimant to act on it, and that the claimant reasonably relied upon that false statement to his detriment." *Feeney Brothers Excavation LLC v. Morgan Stanley*, Civ. No. 18-12313-LTS, 2020 WL 2527851, at *4 (D. Mass. May 18, 2020). Plaintiffs did not "allege facts plausibly suggesting" that Coldwell *knowingly* "made a false statement of material fact..."[4] *Id*. Thus, Plaintiffs failed to properly state a claim for fraud in the inducement under Massachusetts law pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4] *See* Am. Compl., 9-14, ¶¶ 32-67, ECF No. 37.

*B. Negligent Misrepresentation*

To prove negligent misrepresentation under Massachusetts law, a plaintiff must establish that a defendant, "in the course of their business, profession, or employment, or in any other transaction in which they had a pecuniary interest, supplied false information for the guidance of others in their business transactions" without exercising "reasonable care or competence in obtaining or communicating the information, that those others justifiably relied on the information, and that they suffered a pecuniary loss caused by their justifiable reliance upon the information." *Cumis Ins. Society, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471-72 (2009). Unlike fraud, negligent misrepresentation does not require that a plaintiff show a defendant had an intent to deceive or actual knowledge that a statement was false.

Coldwell argues that Fed. R. Civ. P. 9(b) is applicable to Plaintiff's claim for negligent misrepresentation. The Fifth Circuit has historically applied Fed. R. Civ. P. 9(b) to claims of negligent misrepresentation, but placed some limitations to this application. When parties have not urged a separate focus on a negligent misrepresentation claim, and/or have based the claim on the same set of facts as a fraud claim, it is subject to the heightened pleading standard under Fed. R. Civ. P. 9(b). *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank* PLC, 594 F.3d 383, 397 n.3 (5th Cir. 2010); *see also Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *see also Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp. 2d

938, 955-56 (E.D. Tex. 2011). Plaintiffs separately plead fraud and negligent misrepresentation in the Amended Complaint, but base the claims on the same set of facts.[5] Plaintiffs state under both counts, that "[a]s to Coldwell, specifically, Plaintiffs repeat, reallege and re-aver the Who and the What, Where and When of the Coldwell Acts, the Proof of False Statements and the Coldwell damages, as if fully set forth herein."[6] Plaintiffs separately categorize the fraud and negligent misrepresentation causes of action within the Amended Complaint, but "[b]ecause Plaintiffs' fraud and negligent misrepresentation claims both rely upon the same factual allegations, Rule 9(b) applies to Plaintiffs' negligent misrepresentation claim." *Lawrence v. Corin Group, PLC*, 4:21-CV-112, 2021 5907782, at *3 (E.D. Tex. Dec. 14, 2021) (slip copy) (citing *Williams v. WMX Technologies Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Under Fed. R. Civ. P. 9(b), Plaintiffs must plead the "who, what, when, and where" of the negligent misrepresentation claim. The Court finds that Plaintiffs adequately plead the who, what, when, and where of the claim. Unlike Plaintiffs' previously dismissed claim for fraud against Coldwell, the claim for negligent misrepresentation does not require knowledge of the falsity of a misrepresentation made by a party. Though the Amended Complaint is at

---

[5] Am. Compl., 24-29, ECF No. 37.

[6] *Fraud*, Am. Compl. 24, ¶ 121, ECF No. 37; *Negligent Misrepresentation*, Am. Compl., 29, ¶ 148, ECF No. 37. The paragraphs to which these shorthand phrases refer are defined in ¶ 114 of the Amended Complaint. Plaintiffs' attempt to create a shorthand for certain paragraphs and repeated reference to facts by paragraph number throughout the document makes for a convoluted, and at times, difficult to follow complaint. The format and unnecessarily complicated drafting of both the Original Complaint and Amended Complaint have forced the Court to spend an inordinate amount of time discerning both Plaintiffs' facts and arguments since the commencement of this adversary proceeding.

times difficult to follow, Plaintiffs' claim for negligent misrepresentation against Coldwell withstands the heightened pleading requirements under Rule 9(b).[7]

Coldwell correctly argues that Rule 9(b) applies to Plaintiffs' negligent misrepresentation, but its argument that "the Court's determination that Plaintiffs had stated a claim for negligent-misrepresentation is inconsistent with its prior determination that Plaintiffs had failed to state a claim for negligence" is unconvincing.[8] Coldwell cites *Conley v. Romeri*, in which a court held that "[i]f negligence is not present, there cannot be negligent infliction of emotional distress." *Conley v. Romeri*, 60 Mass. App. Ct. 799, 801 (2004). The dismissal of a negligence claim, however, does not automatically necessitate dismissal of a claim for negligent misrepresentation under Massachusetts law. *See AmeriFirst Bank v. TJX Co., Inc. (In re TJX Companies Retail Sec. Breach Litigation)*, 564 F.3d 489, 492-95 (1st Cir. 2009) (affirming district court decision which dismissed a claim for negligence but not for negligent misrepresentation). In *AmeriFirst Bank*, the First Circuit noted that while the "negligent misrepresentation claim is likely to have no future in this case...summary judgment is the more common method of disposing

---

[7] "In [a] shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief. Neither this Court nor the district court is required to parse the complaint searching for allegations of misrepresentations that could conceivably form the basis of each of Appellants claims. Appellants were required to clearly connect each factual allegation to the appropriate count in the complaint in order to satisfy Rule 9(b). *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). However, despite this serious defect we have carefully examined all the factual allegations in the complaint and construed them in the light most favorable to Appellants..." *Ferrell v. Durbin*, 311 Fed. App'x. 253, 259 (11th Cir. 2009).

[8] Mot., 5, ECF No. 45.

of claims that are facially valid but prove...to be unsupported by evidence."[9]  *Id*. at 495.

        *C. Chapter 93A–Unfair or Deceptive Business Practice in Trade or Commerce*

        Coldwell argues that Plaintiffs' claim under Chapter 93A should be dismissed based on the Court's decision to dismiss Plaintiffs' other claims involving elements of deception or knowledge of falsity. Plaintiffs object, arguing that they only have to put Coldwell "on notice" of the law on which they rely to assert their claims, and have thus adequately pled the Chapter 93A claim.[10]

        "A negligent misrepresentation of fact may also constitute an unfair or deceptive act within the meaning of [Chapter] 93A if the truth could have been reasonably ascertained." *Grossman v. Pouy*, Civ. A. No. 06-1429, 2008 WL 917000, at *7 (2008) (citing *Quinlan v. Clasby*, 71 Mass. App. Ct. 97, 102 (2008)). While "[t]here is no exposure under Chapter 93A for an individual homeowner who sells his defective home utilizing the services of a real estate broker," the "real estate broker...can be subject to liability under [Chapter] 93A." *Grossman*, at * 7 (citing *Rosseau v. Gelinas*, 24 Mass. App. Ct. 154, 158-59 (1987)). The Court makes no finding or comment on the substantive validity of Plaintiffs' claim under Chapter 93A, but finds the claim to be

---

[9] "The present [negligent misrepresentation] claim thus survives, but on life support." *AmeriFirst Bank v. TJX Co., Inc. (In re TJX Companies Retail Sec. Breach Litigation)*, 564 F.3d 489, 495 (1st Cir. 2009) (stating ultimate disposition of negligent misrepresentation claim was "far more helpful to defendants," but claim as stated in complaint was facially valid so as to survive motion to dismiss).

[10] Obj., 7, ECF No. 47.

facially valid under Fed. R. Civ. P. 12(b)(6).[11]

**IT IS THEREFORE ORDERED** that following reconsideration of the Court's "Memorandum of Decision and Order Granting in Part and Denying in Part Defendant's Amended Motion to Dismiss" under Fed. R. Civ. P. 54(b), Coldwell's "Amended Motion to Dismiss" is **GRANTED** in part as to Plaintiffs', Jeffrey and Janine Blanchard, claim for fraud in the inducement, and the claim is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Coldwell's "Motion to Reconsider in Part the Court's August 16 Memorandum of Decision and Order" is **DENIED** in part as to Plaintiffs' claims for negligent misrepresentation and unfair and deceptive acts in trade and commerce under M.G.L.c. 93A.

Signed on 12/14/2022

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[11] "The negligent misrepresentation claim is likely to have no future in this case for reasons just explained and, if it falls, so too does its use under Chapter 93A." *AmeriFirst Bank*, 546 F.3d at 496 (citing *Townsends, Inc. v. Beaupre*, 47 Mass. App. Ct. 747, 755 (1999)).